AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**DISTRICT OF** Massachusetts

UNITED STATES OF AMERICA

V.

Michael A. McCormack and
Sean S. Slater

 SEALED

**CRIMINAL COMPLAINT**

CASE NUMBER: MJ #04-810-MBB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 13, 2003 in Middlesex county, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

maliciously damage and destroy and attempt to damage and destroy, by means of fire or an explosive, the building located at 178 Main Street in North Reading, Massachusetts which constituted real property used in interstate commerce and in an activity affecting interstate commerce

in violation of Title 18 United States Code, Section(s) 844(i).

I further state that I am a(n) Special Agent/ATF and that this complaint is based on the following
 Official Title

facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

04-07-2004  @ 2:00PM  at  Boston, Massachusetts
Date                                                                City and State

Marianne B. Bowler
United States Chief Magistrate Judge          Marianne B. Bowler, USMJ
Name & Title of Judicial Officer                        Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**DOCKETED**

SEALED

## Affidavit

Matthew Kelsch, having been duly sworn, does hereby depose and say,

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and have been so employed for three years. For the past six months, I have been assigned to the investigation of an arson which occurred on November 13, 2003 at 178 Main Street in North Reading, Massachusetts. At or about 1:00 A.M. on that date, two individuals, Michael A. McCormack and Sean S. Slater, were apprehended leaving the scene of the arson by members of the Massachusetts State Police (MSP).

2. I am informed by MSP Trooper Nunzio Orlando that based upon court authorized electronic surveillance conducted by state authorities, Trooper Orlando and his colleagues became aware of a conspiracy to set fire to the premises located at 178 Main Street which is occupied by two businesses, the Big Dog Sports Grille and Romeo's Pizza. Based upon the investigation conducted by Trooper Orlando, he believes that the motive for the arson was retaliation against the general manager of the Big Dog Sports Grille. Based upon my investigation, both businesses located at 178 Main Street purchased and distributed goods in interstate commerce.

3. I am further informed by MSP Trooper Orlando that based upon the evidence obtained through the aforementioned electronic surveillance as well as independent investigation conducted by



DOCKETED

the MSP, the premises at 178 Main Street were placed under visual surveillance. At about 1:00 AM on November 13, 2003, a dark colored vehicle approached the building at 178 Main Street, slowed down and passed 178 Main Street. Shortly thereafter, the vehicle returned and stopped in the parking lot. Two men were observed in the vehicle at that time. One man exited the vehicle and placed a container on the doorstep of the entry to Romeo's Pizza. The man then ignited the container and fled in the vehicle which was stopped within minutes by members of the MSP. Inside the vehicle were Sean Slater and Michael McCormack. McCormack was operating the vehicle at the time the vehicle was stopped. Latex gloves which subsequently tested positive for the presence of gasoline were recovered from Slater's person.

3. I am further informed that the North Reading Fire Department was immediately notified to respond to the fire scene and arrived within five minutes. As a result, the fire was extinguished and caused minimal damage to the exterior of the building. The container left on the doorstep was recovered by the MSP and forwarded to the MSP lab for analysis. The lab analysis conducted by the MSP lab tested positive for the presence of gasoline.

4. I am further informed by ATF Explosives Enforcement Officer Howard House that he examined photographs of the container as well as other relevant reports and photographs. His

examination of the container revealed that a rag was affixed to the container by means of an elastic band and was, therefore, an improvised incendiary weapon and constitutes a "destructive device" within the meaning of Title 26, USC, Section 5845(f).

_____
Mattheu Kelsch, Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to before me this
7th day of April 2004.

_____
Marianne B. Bowler
Chief Magistrate Judge