

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 12, 2007

Charles P. McGinty, Esq.
Federal Public Defenders Office
408 Atlantic Avenue
Boston, MA 02210

DATE: 5/15/07

Deputy Clerk

Re: <u>United States v. Sean Slater</u>
    Crim. No. 04-10127-NG

Dear Mr. McGinty:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Sean Slater ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to Counts One, Two, Four, and Five of the above Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in those counts of the Indictment, and is in fact guilty of those offenses. The U.S. Attorney agrees to dismiss Count Three of the indictment thirty days after Defendant has been sentenced provided that Defendant has complied with all the terms of this Agreement.

2. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties:

<u>Count 1 (Conspiracy - 18 USC 371)</u>

- 5 years imprisonment;
- a fine of $250,000;

- 3 years of supervised release; and
- a $100 mandatory special assessment.

Count 2 (Arson - 18 USC 844(i))

- 20 years' imprisonment with a mandatory minimum of 5 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment;

Count 4 (Unregistered destructive device - 26 USC 5861(f))

- 10 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment

Count 5 (ITAR - 18 USC 1952(a)(3))

- 20 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory [mandatory minimum] and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree that pursuant to U.S.S.G. §§ 5G1.1(b), 2K1.4(a)(2), 2E1.2(a)(2), 2X1.1(a), 2X1.1(b)(2), and 2K2.1(a)(5), the guideline sentence in this case is the minimum term of imprisonment required by statute, i.e., 5 years' imprisonment pursuant to 18 USC 844(i).

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C.§

2

3553(a). Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines or a sentence outside the Guidelines, except under the conditions explicitly set forth below.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

    (h)   Commits a crime;

    (i)   Transfers any asset protected under any provision of this Agreement; and/or

    (j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The parties agree to recommend the following sentence before the District Court:

    (a)   Five years' incarceration;

    (b)   Mandatory special assessment of $400; and

    (f)   Three years' supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than seven days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least seven days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

4

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

a. Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

b. The defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

c. Defendant agrees that he will not file a direct appeal nor collaterally challenge any imprisonment sentence of 60 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement

d. The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, he will not appeal any imprisonment sentence of 60 months or more.

e. This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained his appeal rights.

7. <u>Other Post-sentence events</u>

a. In the event that notwithstanding the waiver provision of ¶6, Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court in addition to arguing that any appeal or collateral challenge is waived if such appeal or collateral challenge is inconsistent with the waiver in ¶6.

b. If notwithstanding the waiver provision of ¶6, the defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of the defendant's original sentencing. Thus, for example, the defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing.

c. In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing

Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

8. <u>Court Not Bound by Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

10. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all

remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Fred M. Wyshak, Jr.

> Very truly yours,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: _/s/ Diane C. Freniere_
> DIANE C. FRENIERE, Chief
> White Collar Crime Section

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Sean Slater
Defendant

Date: 5/15/07

I certify that Defendant's Name has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Charles P. McGinty, Esq.
Attorney for Defendant

Date: 5/15/07

8